William D. PAIGE

v.

The PENNSYLVANIA BOARD OF PAROLE and Paul J. Gernert.

Civ. A. No. 69-2150.

United States District Court,
E. D. Pennsylvania.

Jan. 8, 1970.

Frank P. Lawley, Deputy Atty. Gen., Harrisburg, Pa., for defendants.

## OPINION

LUONGO, District Judge.

This is a suit by a state prisoner under the Civil Rights Act, 42 U.S.C. § 1981 et seq. Plaintiff, William D. Paige, charges that the Pennsylvania Board of Parole and its chairman, Paul J. Gernert, delayed his parole revocation hearing for some ten months and refused to permit him to have the assistance of counsel at the hearing, violating his constitutional rights to the equal protection of the laws and the assistance of counsel. Plaintiff seeks an order compelling a new hearing at which he would be represented by counsel. Motions to dismiss on behalf of the Board of Parole and the individual defendant, Gernert, are before me for disposition.

█ The Board of Parole's motion will be granted. The Board is not a "person" within the meaning of the Civil Rights Act. Gallagher v. Pennsylvania Board of Probation and Parole, 287 F.Supp. 610 (E.D.Pa.1968).

█ Gernert's motion to dismiss must also be granted. Plaintiff seeks relief in the nature of mandamus. That remedy lies only where there is a clear duty on the part of public officials to perform non-discretionary acts and where the remedy would be effectual to correct a legal wrong.[1] See, e.g., Rural Electrification Administration v. Northern States Power Co., 373 F.2d 686 (8th Cir.), cert. denied, 387 U.S. 945, 87 S.Ct. 2079, 18 L.Ed.2d 1332 (1967); United States ex rel. Ortega v. LaBuy, 252 F.2d 560 (7th Cir.), cert. denied, 356 U.S. 962, 78 S.Ct. 1001, 2 L.Ed.2d 1069 (1958); Rines v. Commonwealth, 285 F.Supp. 391 (E.D.Pa.1968).

█ Gernert was under a clear duty under Pennsylvania law (61 P.S. § 331.-21a) to accord plaintiff a parole revocation hearing, but plaintiff concedes that he had been given a hearing before he filed this complaint, and mandamus will not lie to correct a wrong which has already been corrected. See Van Geldern v. Chavez, 392 F.2d 578 (9th Cir. 1968); United States v. Ingersoll-Rand Co., 320 F.2d 509 (3d Cir. 1963); United States ex rel. Ortega v. LaBuy, *supra.*

█ The only question remaining insofar as mandamus relief is concerned, is whether defendant Gernert was under a clear duty to permit plaintiff to be represented by counsel at the revocation hearing at the time that hearing was held. He was not under such a duty. Federal law does not require that state prisoners be represented at state parole revocation hearings. Dunn v. California Dept. of Corrections, 401 F.2d 340 (9th Cir. 1968); United States ex rel. Heacock v. Myers, 251 F.Supp. 773 (E.D.Pa.), aff'd per curiam, 367 F.2d 583 (3d Cir. 1966), cert. denied, Heacock v. Rundle, 386 U.S. 925, 87 S.Ct. 900, 17 L.Ed.2d 797 (1967). And at the time of plaintiff's revocation hearing, in October 1968, Pennsylvania law did not require or provide for representation by counsel at such hearings. That right was not recognized until Commonwealth v. Tinson, 433 Pa. 328, 249 A.2d 549 (1969). Since there was no clear duty to permit assistance of counsel at a revocation hearing at the time plaintiff's hearing was held, mandamus will not lie to compel Gernert to grant a hearing with counsel.

█ Although plaintiff has not asked for damages for alleged violation of his civil rights, I have construed his *pro se* complaint as if he had claimed damages for the delay in granting him a revocation hearing. So construed, the complaint still fails to state a claim since members of the Board of Parole are immune from suit for damages under the Civil Rights Act. Villalobos v. Dickson,

---

1. Although mandamus is not specifically provided for in the Civil Rights Act, I am mindful of the Supreme Court's admonition that when federally protected rights have been invaded, lower courts should "adjust their remedies so as to grant the necessary relief." Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969).

406 F.2d 835 (9th Cir. 1969); Silver v. Dickson, 403 F.2d 642 (9th Cir. 1968), cert. denied, 394 U.S. 990, 89 S.Ct. 1477, 22 L.Ed.2d 765 (1969); Moore v. Pennsylvania Board of Parole, C.A. No. 69–1293 (E.D.Pa., filed Dec. 18, 1969); Simmons v. Maslysnky, 45 F.R.D. 127 (E.D. Pa.1968).