Walter BROWN

v.

STATE OF PENNSYLVANIA, As A Result of Action As Perpetrated By the Pa. BOARD OF PAROLE and Agents and Representatives Thereof (Defendants, et al.), Warden, Holmesburg Prison, Philadelphia, Pennsylvania, Custodian for Plaintiff.

Civ. A. No. 69–1983.

United States District Court,
E. D. Pennsylvania.

March 16, 1970.

Walter Brown pro se.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

Although framed as a civil rights action under 42 U.S.C. § 1983, plaintiff in this suit is essentially asking both for habeas corpus relief and for damages under the civil rights act.

Insofar as this may be considered a petition for a writ of habeas corpus, the petition is denied for failure to exhaust state remedies. Additionally, we might point out to the relator that particular habeas corpus forms are available at the institution where he is incarcerated which should be completed if he again files for habeas corpus relief in the federal courts.

Insofar as this may be considered a civil rights action, plaintiff's petition for leave to proceed in forma pauperis is denied because the action is plainly lacking in merit. The Commonwealth of Pennsylvania and the Board of Parole are not "persons" within the meaning of 19 U.S.C. § 1983. United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3 Cir., 1969) (Commonwealth of Pennsylvania) and Bennett v. California, 406 F.2d 36 (9 Cir. 1969) (Parole Boards). In addition, individual members of parole boards are immune from suits for damages when, as here, they are only alleged to have acted within their legal authority. Bennett v. California, *supra*. Finally, although the warden of Holmesburg Prison is named as a defendant in the caption, no allegations are directed at him. Hence, he cannot be considered a defendant in the civil rights action, but only the respondent in the habeas corpus petition.

## ORDER

And now, this 16 day of March, 1970, it is ordered that relator's petition for a writ of habeas corpus be and the same is hereby denied, without prejudice. There is no probable cause for appeal; it is further ordered that plaintiff's petition for leave to proceed in forma pauperis be and the same is hereby denied.