**UNITED STATES of America ex rel. James T. POPE**

**v.**

**John H. WILLIAMS, Sgt., State Correctional Institution, Graterford, Pa.**

**Civ. A. No. 70-28.**

United States District Court, E. D. Pennsylvania.

March 8, 1971.

James T. Pope, pro se.

Arlen Specter, Dist. Atty., Mark Sendrow, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Presently before the Court is petitioner's motion to amend, join, revise and correct his complaint. While this action was initially entitled criminal complaint, plaintiff, who is a state court prisoner, has entitled this petition Civil Rights Complaint.

Plaintiff, who has filed with this Court at least fourteen (14) separate actions, may well be the most litigious individual this Court has encountered in over sixteen years on the federal bench. The Court finds this motion, as well as the initial complaint, to be completely without merit and ably demonstrates the increasingly large number of totally frivolous petitions from state court prisoners which are currently burdening the Court and hindering it from effectively performing its other functions. *See* Gittlemacker v. Prasse, 428 F.2d 1 (3rd Cir. 1970) at fn. 1.

Without pausing to discuss the merits of plaintiff's recitation of over 13 "jurisdictional" provisions—including 5 amendments and 2 Articles of the Constitution as well as the Civil Rights Act of 1964—the Court will treat this as an action brought under 42 U.S.C.A. § 1983.

■ First, plaintiff seeks to add as party defendant the Board of Probation and Parole. Plaintiff "accuses" the Board of "conspiring to deter by force and intimidation policies and practices and reprisals for the purpose of impeding, hindering, obstructing and/or defeating the due course of justice * *." Petitioner has on three separate occasions been denied parole and, without more, concludes that the Board is taking reprisals against him for his "legal involvements". The Court is not impressed with plaintiff's contention, nor does plaintiff support his allegation in any way except to state he has been denied parole. Therefore the Court could deny this motion as a mere conclusion, not supported by facts. United States ex rel. Hoge v. Bolsinger, 211 F.Supp. 199 (W.D.Pa.), aff'd 311 F.2d 215 (3rd Cir. 1962), cert. denied 372 U.S. 931, 83 S. Ct. 878, 9 L.Ed.2d 735 (1963). However, the Court need not base its decision to deny the motion on this basis because the law is settled that a Board of Parole is not a "person" within the meaning of the Civil Rights Act. Bennett v. California, 406 F.2d 39 (9th Cir. 1969); Paige v. Pennsylvania Board of Parole, 311 F. Supp. 940 (E.D.Pa.1970); Gallagher v. Pennsylvania Board of Probation and Parole, 287 F.Supp. 610 (E.D.Pa.1968). Moreover, the members of the Parole Board have judicial immunity. Lang v. Wood, 67 App.D.C. 287, 96 F.2d 211, cert. denied 302 U.S. 686, 58 S.Ct. 48, 82 L.Ed. 530 (1937); Lawhorn v. Pennsylvania, Civil Action No. 69–652 (E.D. Pa. filed September 15, 1969). For the above reasons the Court finds this request to be frivolous within the meaning of 28 U.S.C.A. § 1915(d) and therefore will deny leave to proceed in forma pauperis against the Board. *See* Pennebaker v. Chamber, 437 F.2d 66 (3rd Cir. decided January 6, 1971).[1]

■ Plaintiff also seeks leave to proceed against Officer Benedict, who, like the original defendant, is a guard at Graterford. Plaintiff asserts that Benedict "maliciously, flagrantly, willfully assert[ed] his own sense of justice * * * and did injure your Relator by reprisal measures taken against him for his exercise of aforesaid [rights] * * *" Petitioner claims that the defendant intentionally created "provocative vulnerable situations" in an effort to get plaintiff to violate institutional rules. In support of this plaintiff lists such things as al-

1. The amended complaint does not contain a new request to proceed in forma pauperis but since it was filed *pro se*, the Court will disregard the procedural deficiencies and treat it as if such a request was filed. Stamm v. Bolsinger, Civil Action No. 70–3173 (E.D.Pa. filed January 22, 1971).

lowing inmates to have brass musical instruments, denying him access to a typewriter, denying him permission to send for educational materials and filing an "unjustifiable" misconduct report. The major incident which plaintiff alleges in support of his request to add this defendant revolves around plaintiff's claim, which he relates in several lengthy paragraphs, that he should not have been subjected to a misconduct report for attending a movie in the prison.

The Court will deny plaintiff's request to add Officer Benedict as a party defendant. This Circuit has consistently taken the position that absent extraordinary circumstances, discipline reasonably maintained in state prisons is *not* under the supervisory direction of the federal courts. Ford v. Board of Mgrs. of New Jersey State Prison, 407 F.2d 937 (3rd Cir. 1969); Gurcznski v. Yeager, 339 F.2d 884 (3rd Cir. 1964); United States ex rel. Duronio v. Russell, 256 F. Supp. 479 (M.D.Pa.1966). Clearly, the movie incident, and the misconduct report which resulted from it, is peculiarly that type of problem which the federal courts will not interfere with. To rule otherwise would be tantamount to placing the federal courts in the position of administering state court prisons. This the Court will not do. This Court has previously stated "somewhere along the line there exists a still finer line that separates mere matters of discipline from arbitrary and capricious disregard for human rights. It is this line for which federal courts must diligently search while treading about in the twilight zone that separates interference with a state's autonomy in policing its own penal system from the enforcement of federally guaranteed rights." United States ex rel. Wakeley v. Pennsylvania, 247 F.Supp. 7, 12 (E.D.Pa.1965). Federal intervention into a case such as is presently before the Court would constitute an infringement on that autonomy. Therefore, the Court will deny

plaintiff leave to proceed in forma pauperis against Officer Benedict.

At this time the Court will address itself to the original complaint and, for the reasons stated below, will dismiss the action. The substance of the original petition charged the defendant Williams, a guard at the institution, "of maliciously, flagrantly, willfully asserting his own sense of justice * * *" As was the case with the claims against Officer Benedict and the Board of Probation, this claim involves another "reprisal" against him. In this incident plaintiff alleges that the defendant, after excusing him from work for completing the job assignment, "call[ed] me back to work and ordered me to polish the Brass Facing of a door— work in an area not previously assigned to me." In an effort to avoid being repetitious the Court will merely note that this is again exactly that type of problem which relates solely to the internal administration of the state prison. The Court can see no violation of a constitutionally protected right in requiring a prisoner to polish a brass facing plate whether it was originally assigned to him or not. This Court cannot interfere with such internal administrative matters. For this reason the Court will dismiss this action.

While we dismiss the action the Court feels constrained to comment on the failure of this defendant, or his superiors,[2] to file an appropriate motion to dismiss. As the Third Circuit has stated: "that this failure to comply with basic and fundamental rules of procedure has not operated adversely to this defendant is no indication that such inexcusable dereliction will find acceptance in the future." United States ex rel. Gittlemacker v. Philadelphia County, 413 F.2d 84 (3rd Cir. 1969). Since the failure to file a motion to dismiss would not operate as a waiver [Fed.R.Civ.P. 12(h)] and therefore could be raised at trial, the Court feels that justice and judicial econ-

---

2. Superintendent Rundle filed a factual answer to the complaint.

omy favor dismissing the action in this instance.

Plaintiff's other claims, such as that his 1st amendment rights were violated when he was not permitted to speak to the Warden, are so patently frivolous that we need not discuss them.