**Billy HX. BOULWARE, Appellant,**

v.

**J. J. PARKER, Warden, Federal Correctional Institution, Lewisburg, Pennsylvania.**

**No. 19368.**

United States Court of Appeals, Third Circuit.

Submitted Dec. 1, 1971.

Decided March 20, 1972.

Billy HX. Boulware, pro se.

S. John Cottone, U. S. Atty., Harry A. Nagle, Lewisburg, Pa., for appellee.

Before SEITZ, Chief Judge, and KALODNER and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

The plaintiff-appellant Boulware, an inmate of the United States Penitentia-ry at Lewisburg, Pennsylvania, institut-ed a civil action against the prison's Warden seeking damages of $2,000,000.[1] In his Complaint he alleged that "follow-ing an incident" in the Penitentiary on February 1, 1970, he, along with 18 fel-low Black Muslim prisoners, was segre-gated from the general prison population until February 13, 1970; he has since that time been placed in a single cell; his health has been impaired by such confinement and for the further reasons that he has been denied sufficient quan-tities of food since, as a Muslim, he ab-stains from eating pork and pork prod-ucts included in his meals; he was de-prived of visiting and correspondence privileges; and his personal property has been taken from him.

The defendant filed a "Motion to Dis-miss Complaint" in which, *inter alia*, he moved for *summary judgment* on the ground that the acts complained of were performed in the course of his duties as Warden and within his discretionary au-thority, and, accordingly, he was im-mune from liability. There was at-tached to the motion for summary judg-ment the Warden's Affidavit in which he recited that on February 1, 1970, the plaintiff, along with 18 fellow prisoners, engaged in a mass assault upon prison guards severely injuring eight of their number; as a necessary precaution, the plaintiff and the other rioters, were first segregated and then placed in sin-gle cells; in the initial stages of the foregoing procedure the plaintiff and his fellow rioters were served food trays which included pork and/or pork prod-ucts, but since April 19, 1970, Muslims in the group were served only food items which were pork free. The Affidavit further stated that the plaintiff "has been denied the privilege of returning to the general population of the institution because, in my opinion and in the opin-ion of the Adjustment Committee, a re-turn to the general population at this

---

1. It may be noted parenthetically that there is now pending in the court below plain-tiff's habeas corpus petition in which he seeks relief other than monetary damages, *viz.*, outright release from custody, on the alleged ground that his solitary confine-ment constitutes cruel and unusual pun-ishment.

time would constitute a serious hazard to the plaintiff, to other inmates and to the staff," and "[t]he plaintiff's conduct in engaging in a major riot, in the striking down of eight officers causes him, in my opinion, to be a very serious security risk." The Affidavit further stated that the visiting privileges of the plaintiff were suspended only for a brief period.

The defendant later filed as a "Supplement to his Motion for Summary Judgment," the Affidavit of John T. Willingham, Acting Director, Bureau of Prisons, United States Department of Justice, certifying the Warden's authority to act with respect to "treatment, instruction, control and discipline" of the Penitentiary's inmates.

Copies of the defendant's motions to dismiss and for summary judgment, and the latter's accompanying Affidavits, were served by the defendant on the plaintiff. The plaintiff did not file any response to the motions and the affidavits.

The District Court elected to treat the Complaint "as though filed under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671–2680," and then held "that the motion to dismiss must be granted because (1) the plaintiff had failed to exhaust administrative remedies prerequisite to filing or maintaining a civil action under the Federal Tort Claims Act; and, (2) even if this plaintiff had exhausted his administrative remedies, the instant action would be barred by 28 U. S.C. § 2680(a) which provides that the provisions of the Federal Tort Claims Act shall *not* apply to—'any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.' "

The District Court further stated in its Memorandum Opinion:

"In Barr v. Matteo, 360 U.S. 564, 575 [79 S.Ct. 1335, 3 L.Ed.2d 1434] (1959), the Court indicated that government officials were completely immune from suit if the acts complained of were within the outer perimeter of their line of duty. Certainly, as the affidavits filed with the motion to dismiss indicate, Warden Parker's decisions with regard to the segregation and treatment of this plaintiff were well within the limits of his duties."

The foregoing indicates that the District Court considered, and relied on, the materials appearing in the unchallenged Affidavit of the defendant Warden and that since it considered matters beyond the Complaint that it was in substance granting summary judgment in favor of the defendant pursuant to the provisions of Rule 12(b), F.R.Civ.P.

■ On review of the record we are of the opinion that the District Court did not err in granting summary judgment on its finding that the defendant Warden's conduct with respect to the plaintiff was within the outer perimeter of his authority and duties thus rendering him immune from suit.

■ As earlier noted, the plaintiff made no response to the defendant's motion for summary judgment and its accompanying affidavits. In light of the assertion in the Affidavits that the defendant Warden was acting within the outer perimeter of his authority and duties, it was incumbent on the plaintiff, by affidavit or otherwise, as provided in Rule 56, F.R.Civ.P., to set forth specific facts showing that there was a genuine issue for trial as to whether the defendant was acting within the line and scope of his official duties. Norton v. McShane, 332 F.2d 855, 861 (5 Cir. 1964), cert. denied 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965).

For the reasons stated the Order of the District Court, treated as the granting of summary judgment, will be affirmed.