**UNITED STATES of America ex rel. William H. HARRISON**

v.

**James R. PACE, Ex–Div. United States Board of Parole.**

**Civ. A. No. 72–1294.**

United States District Court,
E. D. Pennsylvania.

April 27, 1973.

---

12. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 116–117 n. 12, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968).

Scott A. Junkin, Law student counsel, Indigent Prisoner Litigation Program, for petitioner.

Frank J. Bove, Asst. U. S. Atty. E. D. Pa., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

MASTERSON, District Judge.

Petitioner is presently incarcerated at the Federal Penitentiary in Lewisburg, Pennsylvania and has been granted leave to proceed in forma pauperis with his self-styled "Application of a Writ of Mandamus" to compel the United States Board of Parole to show cause why his petition for parole was denied.

In recent months petitioner has filed a number of motions,[1] all of them essentially requesting this court to order the Board to give reasons for denial of parole and, upon its failure to do so, to release him from further confinement. The defendant has responded by filing a Motion to Dismiss, asserting that: petitioner has filed what appears to be a Petition for Writ of Habeas Corpus seeking relief from his detention in the *Middle* District of Pennsylvania, there being no jurisdiction to hear such a petition in the *Eastern* District of Pennsylvania; and petitioner's allegations fail to present a claim upon which relief can be granted, the Parole Board having absolute discretion to grant or deny parole.

We held oral argument at which petitioner was ably represented by Scott Junkin, a third year law student and member of the University of Pennsylvania's Indigent Prisoner Litigation

---

1. Petitioner has filed Motions for Final Judgment, Declaratory Judgment, Nibil Dicit and Habeas Corpus relief. All these motions are *pro se*.

Program.[2]  Upon review of the issues raised at oral argument and in the briefs submitted by the parties, we are persuaded that defendant's Motion to Dismiss must be denied.

## OPINION

■ Because petitioner seeks relief from detention in the Middle District, defendant maintains that this is a habeas corpus action and that a critical jurisdictional element is lacking; that is, the presence of the custodian within the territorial jurisdiction of this court. This is not an action for habeas corpus, however, but for mandamus relief.  Although petitioner's *pro se* complaint is inartfully pleaded, and does request release from custody, it is to be liberally construed by this court.  Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972); Lockhart v. D'Urso, 408 F.2d 354 (3d Cir. 1969).  Therefore, we will dismiss petitioner's request for release on improper venue grounds, but will entertain his demand for disclosure of reasons for denial of parole.

■ If the action is against a federal official, venue is proper in the district where either the defendant-official resides, where the claim arose or where the plaintiff-petitioner resides.  See 28 U.S.C. § 1391(e).  For venue purposes the term "resides" refers to domicile, 1 Moore's Federal Practice ¶ 0.142 [5.-2], at 1484 n. 5, and a state or federal prisoner retains the domicile he had before he was incarcerated.  25 Am.Jur.2d, Domicile § 41, at 31.  An examination of Harrison's Classification Study, prepared by the Bureau of Prisons, and of his Presentence Report, prepared by the Probation Department, indicates that petitioner was domiciled in Philadelphia before his incarceration at Lewisburg.

Hence, venue is proper in the Eastern District of Pennsylvania.

Moreover, petitioner asserts that the mandamus statute, 28 U.S.C. § 1361, provides for jurisdiction in the district courts to compel performance of duties owed to the plaintiff.  It is argued here that the Parole Board owes petitioner a constitutional duty, grounded on the Due Process Clause of the Fifth Amendment, to provide him with reasons for denial of his parole bid.  We must determine whether or not this claim is capable of relief enforceable by mandamus.

■ While we recognize that the Parole Board has broad discretion in making its determinations, we are unpersuaded by defendant's contention that judicial review of the Board's decisions is completely precluded.  Such decisions are reviewable where the Board has acted in an arbitrary and capricious manner, where it has abused its discretion or where the petitioner is denied a constitutional right.[3]  See Ott v. Ciccone, 326 F.Supp. 609, 611 (W.D.Mo.1970); Childs v. United States Board of Parole, Civil Action No. 1616–70 (D.D.C., filed August 19, 1971).  In rejecting the "right" versus "privilege" approach to judicial review of parole decisions, the court in *Childs* stated that:

> "[I]t has never been held that the Parole Board, or for that matter any other government agency that makes such weighty determinations as that between an individual's incarceration and his relative freedom, may exercise its admittedly broad discretion in an arbitrary and capricious manner." *Id.* at 5.

The rudiments of procedural due process are not observed unless the administrative body details the reasons for its findings.  See Goldberg v. Kelly, 397 U.

---

2.  Mr. Junkin was appointed counsel for petitioner pursuant to Rule 9½ of our Local Rules of Civil Procedure which permits eligible law students to appear in court on behalf of any indigent prisoner.

3.  "[T]he pivotal inquiry must be directed at the permissible scope of the officer's discretion, for that discretion is circumscribed by constitutional, statutory, and regulatory strictures."  Murray v. Vaughn, 300 F.Supp. 688, 696 (D.R.I. 1969).

S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); In Re Gault, 387 U.S. 1, 87 S. Ct. 1428, 18 L.Ed.2d 527 (1967); Davis, Administrative Law, § 16.12, at 585 (1970 Supp.). Here, petitioner merely seeks a statement of reasons for the denial of his parole so that he may adjust appropriately his future conduct. The withholding of such reasons raises a serious question with respect to whether procedural due process has been violated.

We are persuaded, as was the New Jersey Supreme Court in Monks v. New Jersey State Parole Board, 58 N.J. 238, 277 A.2d 193, 197 (1971), that "[t]he need for fairness is as urgent in the parole process as elsewhere in the law and . . . the furnishing of reasons for denial would be the much fairer course . . . ." The need for a statement of reasons or findings not only insures a responsible and just determination by the agency, but also affords a proper basis for effective judicial review. The New Jersey decision is consistent with the recent expansion by the United States Supreme Court of due process guarantees with respect to parole revocation proceedings. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972). An analogous trend may be found in the selective service reclassification cases decided in this Circuit. See, e. g., United States v. Neamand, 452 F.2d 25, 26, 30 (3d Cir. 1971); United States v. Hershey, 451 F.2d 1007, 1008 (3d Cir. 1971); Scott v. Commanding Officer, 431 F.2d 1132, 1137 (3d Cir. 1970). Moreover, the furnishing of reasons will have a positive effect on the goal of rehabilitation. See President's Commission on Law Enforcement and Administration of Justice, Task Force Report: Corrections, at 64 (1967); Davis, Discretionary Justice, at 131 (1969). Furthermore, the requirement that the Board give its reasons for denial of parole does not cast an undue burden upon the administrative body.

Consequently, we hold that a prisoner's interest in the grant or denial of parole is entitled to constitutionally protected due process considerations, limited to a statement of reasons upon denial of such parole. Therefore, petitioner's claim that the Board has withheld from him a statement of reasons for denial of parole is one upon which relief can be granted.