Court of Claims jurisdiction; torts; mandatory injunction. — On January 18, 1974 the court issued the following order:
“This case comes before the court on defendant’s motion to dismiss plaintiff’s petition on the ground that the court lacks jurisdiction of the claim and that the petition fails to state a claim upon which relief can be granted. Upon consideration of the motion and plaintiff’s opposition thereto, the court finds:
“ (1) Plaintiff seeks to recover damages against defendant on the ground that the Honorable John T. Curtin, Judge of the United Statés District Court for the Western District of New York, abused his discretion in denying plaintiff’s application for habeas corpus and thereby subjected plaintiff to a denial of due process and to cruel and unusual punishment to his damage; this is a claim sounding purely in tort, and is therefore beyond the jurisdiction of this court, (Algonac Manufacturing Co. v. United States, 192 Ct. Cl. 649, 428 F. 2d 1241 (1970) and Byers v. United States, 121 Ct. Cl. 40 (1951), cert, denied, 343 U.S. 909 (1952)); this finding applies also to plaintiff’s claim for denial of his constitutional rights as alleged in his complaint no. 2;
*742 “ (2.) plaintiff’s petition also requests the court to issue a mandatory injunction requiring his release from prison, but this court has no jurisdiction to issue a mandatory injunction in such a case, (United States v. Jones, 131 U.S. 1 (1889)), and
(3) jurisdiction of claims against the United States sounding in tort are vested exclusively in the Federal District Courts under the Federal Tort Claims Act, but this is a case which is not appropriate for transfer to the district court having'jurisdiction, because plaintiff’s suit falls within specified exceptions to the Federal Tort Claims Act, 28 U.S.C. § 2680; Cromelin v. United States, 177 F.2d 275 (5th Cir. 1949), cert. denied, 339 U.S. 944 (1950); Boulware v. Parker, 457 F.2d 450 (3rd Cir. 1972).
“it is therefore ordered that, since the court does not have jurisdiction of any of the claims asserted by plaintiff, his petition be and the same is hereby dismissed.”