**UNITED STATES of America ex rel. William H. HARRISON, Plaintiff,**

v.

**James R. PACE et al., Defendants.**

**Civ. A. No. 72-1294.**

United States District Court, E. D. Pennsylvania.

July 24, 1974.

---

**108**

Ralph S. Spritzer, Carole McHugh, Student Intern, Philadelphia, Pa., for plaintiff.

Robert E. J. Curran, U. S. Atty., Frank J. Bove, Asst. U. S. Atty., Philadelphia, Pa., S. Cass Weiland, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

Presently before the Court are cross-motions for summary judgment which raise the dual issues, first, of the duty of defendants to disclose the reasons for their denial of plaintiff's parole application in April, 1972, and, second, of their monetary liability in damages for that denial of parole in the first instance, and for their subsequent and continuing refusal to disclose the reasons for their actions. Our analysis of the facts and the controlling legal principles dictates entry of an order granting summary judgment in defendants' favor on both points.

On October 2, 1972, plaintiff William H. Harrison, filed, *pro se*, an eloquent although untutored complaint entitled "Petition for Writ of Mandamus", alleging an unreasonable denial of his parole application and urging this Court to compel the United States Board of Parole to issue a statement of its reasons for said denial. Based upon a conclusion that "a prisoner's interest in the grant or denial of parole is entitled to

constitutionally protected due process consideration, limited to a statement of reasons upon denial of such parole," and that this Court had jurisdiction of the cause by virtue of 28 U.S.C. § 1361, Judge Masterson, formerly of this Court, held that "petitioner's claim that the Board [had] withheld from him a statement of reasons for denial of parole is one upon which relief can be granted" and denied the defendants' motion to dismiss the complaint against them. United States *ex rel.* Harrison v. Pace, 357 F.Supp. 354, 357 (E.D.Pa.1973).

Thereafter, on March 11, 1974, the parties agreed to the following stipulation of facts:

1. The plaintiff, William H. Harrison, is a federal prisoner presently incarcerated in the federal penitentiary at Lewisburg, Pennsylvania.

2. The plaintiff is presently scheduled for mandatory release as if on parole on April 10, 1974, pursuant to 18 U.S.C. §§ 4163, 4164.

3. On March 6, 1972, the plaintiff was given a hearing before members of the United States Board of Parole, for the purpose of determining whether the plaintiff's application to be released as if [sic] on parole should be granted.

4. On or about April 12, 1972, plaintiff received a decision from the Board directing that he be continued to expiration of the sentence. No reasons for this decision were given.

5. Plaintiff, in a letter to the Board sent on or about April 15, 1972, requested that he be informed of the reasons for the above denial of parole. On or about April 25, 1972, plaintiff received a letter from the Board refusing to provide this information.

6. Plaintiff has never, as of the date of this stipulation, been informed of the reasons for the denial of parole in April of 1972.

7. Unless ordered by this Court, the defendants do not intend to provide the plaintiff with the reasons for their denial of his parole application in April, 1972.

8. At no time from April 12, 1972, until the present has the plaintiff been scheduled by the Board for a new parole hearing.

9. Between April 12, 1972, and the present, the plaintiff has made several requests that his parole application be reconsidered. These requests have been denied. He has not appeared before the Board since March 6, 1972.

10. It is not the present intention of the Board to reconsider plaintiff's parole application, or to afford him a new hearing, prior to his mandatory release, unless the Board receives new and significant information with respect to parole.

The plaintiff was in fact mandatorily released, as if on parole, on April 10, 1974.

Jurisdiction of this Court, in the first instance, was grounded upon the provisions of 28 U.S.C. § 1361. Defendants now argue that plaintiff's release from confinement renders moot the question of the Board's duty to furnish plaintiff reasons for its adverse decision of April, 1972, refusing his release on parole, pursuant to the provisions either of the Administrative Procedure Act [A.P.A.] or of the Fifth Amendment.

■ Because knowledge of the reasons for this denial would not affect plaintiff's present status nor afford him a guide for his future behavior, injunctive or mandamus relief is no longer appropriate. Were the only claim before us a petition for mandamus pursuant to 28 U.S.C. § 1361, we would be compelled to dismiss the entire action as moot, because the case or controversy between the parties would no longer be "definite or concrete" and their legal interests would no longer be adverse. *See* De Funis v. Odegaard, 416 U.S. 312, 94 S. Ct. 1704, 40 L.Ed.2d 164, 169 (1974),

citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240–241, 57 S.Ct. 461, 81 L.Ed. 617 (1937). The Board's failure to give him reasons for the denial of his parole application does not pose any further substantial threat of future injury to plaintiff, and in fact as currently written, the Parole Board's revised regulations for determination of parole release applications from prisoners at Lewisburg Penitentiary provide that reasons shall be given for any denial of an application. *See* 28 C.F.R. § 2.13(d) [revision published, 39 Fed.Reg. 20029, June 5, 1974].

■ The matter, however, does not end there. Plaintiff, by his attorney, amended his complaint to include a claim for damages against these federal officers for alleged violation of his right to due process granted him by the provisions of the Fifth Amendment, a claim clearly cognizable by this Court. Bethea v. Reid, 445 F.2d 1163 (3d Cir. 1971),

cert. denied, 404 U.S. 1061, 92 S.Ct. 747, 30 L.Ed.2d 749; United States ex rel. Moore v. Koelzer, 457 F.2d 892 (3d Cir. 1972); *see* Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] We construe this claim for damages to encompass petitioner's *pro se* allegation of arbitrary and capricious action by the Board in denying parole release to the plaintiff in the first instance. By virtue of these claims, the controversy between the parties continues to be definite and concrete. Thus, although injunctive or mandamus relief is no longer appropriate, our jurisdiction of this matter survives plaintiff's release, as if on parole.

In light of the present posture of the case, before proceeding unnecessarily with a determination of plaintiff's rights under the A.P.A.[2] or the Fifth Amendment[3] in order to resolve his claim for damages, we consider it appro-

1. Plaintiff claimed "monetary damages in the amount of $20 per day of confinement without knowing the reasons for denial of parole, that is from April 12, 1972 to the present". Since plaintiff was released from confinement on April 10, 1974, we construe the request for *per diem* damages to include the period of confinement subsequent to the date of filing of the amended complaint, a total of 767 days of incarceration subsequent to the refusal to give reasons, thus a length of time sufficient to toll an amount in damages greater than $10,000. We further construe this request for damages to support both claims of alleged violation of the Fifth Amendment and conclude that we have jurisdiction of these claims pursuant to 28 U.S.C. § 1331(a).

2. Plaintiff has claimed that defendants are required by section 555(e) of the Administrative Procedure Act of 1946, 5 U.S.C. § 551 et seq. to afford plaintiff a statement of reasons for its adverse decision. The Court of Appeals for the Seventh Circuit has recently held "that § 555(e) does apply to parole release hearings and requires 'a brief statement of the grounds for denial.'" King ·v. United States, 492 F.2d 1337, 1345 (7th Cir. 1974); consider also the decision of the district court in Pickus v. United States Board of Parole requiring the Board to conduct rule-making proceedings in accordance with the Administrative Procedure Act.

Civil Action No. 112–73 (D.D.C. July 25, 1973) (without opinion). An appeal of that decision is currently under advisement by the Circuit Court for the District of Columbia after appellate argument held on March 11, 1974; *see also* Hurley v. Reed, 110 U.S. App.D.C. 32, 288 F.2d 844, 845–846 (1961); *but cf.* Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (*en banc*),· cert. denied 375 U.S. 957, 84 S.Ct. 447, 11 L.Ed.2d 316 (1963); Hiatt v. Compagna, 178 F.2d 42, 46 (5th Cir.), aff'd by an equally divided Court, 340 U.S. 880, 71 S.Ct. 192, 95 L.Ed. 639 (1950); *see also* Washington v. Hagan, 287 F.2d 332, 334 (2d Cir. 1960).

3. Plaintiff also argues that the defendants are required by the Due Process clause of the Fifth Amendment to give reasons for its adverse determination. The district court for the District of Columbia has so held. Childs v. United States Board of Parole, 371 F.Supp. 1246 (D.D.C.1973); *cf.* Johnson v. Chairman of N. Y. State Board of Parole, 15 Cr.L. 2301 (2d Cir. June 13, 1974); *cf.* Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *see also* Wolff v. McDonnell, —— U.S. ——, 94 S.Ct. 2963, 41 L.Ed.2d 935 (June 26, 1974); *contra* Scarpa v. United States Board of Parole, 477 F.2d 278 (5th Cir. 1973), vacated and remanded for consideration of mootness, 414 U.S. 809, 94 S.Ct. 79, 38 L.Ed.2d 44.

priate to decide preliminary defendants' defenses of immunity and good faith action on their part. *See* Eccles v. Peoples Bank, 333 U.S. 426, 432, 68 S.Ct. 641, 92 L.Ed. 784, 789 (1948); Gross v. Fox, 496 F.2d 1153 at p. 1154 (3d Cir. 1974); Fidtler v. Rundle, 497 F.2d 794 (3d Cir. 1974); Welch v. Schultz, 157 U.S.App.D.C. 191, 482 F.2d 780 (1973). Absent a justification for affirmative relief, the validity of these proffered defenses to this action may justify summary judgment for the defendants, without our reaching the other legal issues advanced by plaintiff.

ONE: Immunity from Damages because of Proper Exercise of their Discretionary Powers by Defendants in Denying Plaintiff's Application for Parole:

▇ Defendants argue that summary judgment in their favor is appropriate on the basis of their immunity from damages because of the office they hold. While we do not believe that the duties of the defendants are of such judicial or quasi-judicial character as to merit the same absolute immunity afforded judges for acts within the judicial role,[4] the defense of official immunity is available to these federal executive officers exercising discretionary functions and acting within the outer perimeter of their duties, authority, and discretion. Barr v. Matteo, 360 U.S. 564, 575, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Fidtler v. Rundle, *supra*; Johnson v. Alldredge, 488 F.2d 820 (3d Cir. 1973); *cf.* Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Doe v. McMillan, 412 U.S. 306, 93 S.Ct. 2018, 36 L.Ed.2d 913, 925 (1973).[5]

▇ We believe there is sufficient, competent evidence of record and within the purview of judicial notice to demonstrate that the defendants, acting within the bounds of the discretion they may exercise, did not exceed the narrow scope of their authority in denying plaintiff's parole release application. The defendants are members of the United States Board of Parole, by statute created as a part of the Department

---

4. The protections available to the individual which in large part justify absolute immunity for the judicial officer are not present here: adversary presentation of facts, a record which is easily reviewable, findings of fact, and other external controls which protect against arbitrary and capricious or illegitimate decision making, such as a ready appeal procedure. *Cf.* C. M. Clark Ins. Agency Inc. v. Maxwell, 156 U.S.App.D.C. 240, 479 F.2d 1223 (1973); *but cf.* Silver v. Dickson, 403 F.2d 642 (9th Cir. 1968), cert. denied 394 U.S. 990, 89 S.Ct. 1477, 22 L.Ed. 2d 765; Robinson v. Largent, 311 F.Supp. 1032 (E.D.Pa.1970); *see also* Brown v. Pennsylvania, 311 F.Supp. 1176 (E.D.Pa. 1970); Paige v. Pennsylvania Board of Parole, 311 F.Supp. 940 (E.D.Pa.1970).

5. We believe the Court of Appeals for the Third Circuit in Fidtler v. Rundle correctly concluded that the doctrine of official immunity of Barr v. Matteo survives the Supreme Court's recent decision in Scheuer v. Rhodes. *Scheuer* may properly be read to hold that on a motion to dismiss it is inappropriate for a district court to determine the question of immunity *or* a defense of good faith and probable cause, before the relevant facts are established, "either by affidavits, admissions or a trial record", sufficient to allow *either* determination. We do not believe that *Scheuer* requires an inquiry into the good faith and reasonable ground for an official's belief in the propriety of his action, when sufficient competent evidence exists of record to establish the immunity of the governmental official from damage liability. *See* Johnson v. Alldredge, 488 F.2d 820, 826 (3d Cir. 1973). Such a holding would be in conflict with the principles of Spalding v. Villas, 161 U.S. 483, 16 S.Ct. 631, 40 L. Ed. 780 (1896), and Barr v. Matteo, cited approvingly by the Court in *Scheuer*.

The Third Circuit's decision in *Fidtler* is consistent with this interpretation of *Scheuer*. In *Fidtler* the district court had granted defendant Rundle's motion for dismissal, apparently on the ground of a good faith defense, without having sufficient evidence before it to reach that conclusion. The Court of Appeals in remanding the case to the district court recommended that a consideration of the defendant's immunity might avoid the necessity of determining either the good faith of the defendant or the validity of the constitutional claims.

of Justice. 18 U.S.C. § 4201. As provided by 18 U.S.C. § 4203(a):

If it appears to the Board of Parole from a report by the proper institutional officers or upon application by a prisoner eligible for release on parole, that there is a reasonable probability that such prisoner will live and remain at liberty without violating the laws, and if in the opinion of the Board such release is not incompatible with the welfare of society, the Board may in its discretion authorize the release of such prisoner on parole.

See also 28 C.F.R. § 0.125(a); § 2.2.

In reaching this conclusion we also have available to us the unchallenged affidavits of William E. Amos and Curtis C. Crawford, the Parole Board members who considered Mr. Harrison's case after his parole hearing on March 13, 1972, and "voted to continue Mr. Harrison to the expiration of his sentence. . . . " Mr. Amos has sworn that "the procedures followed in this case, including the notification given to Mr. Harrison, were in accordance with the Board's regulations and internal procedures in effect at that time."

The function of the Board of Parole and the range of its decision making and discretion is defined by statute and regulation. See 18 U.S.C. § 4201 et seq.; 28 C.F.R. part 2. Parole officers are required by law to exercise discretion in deciding whether or not a prisoner is to be released on parole, and to take into consideration the welfare of both the prisoner and the society at large.

It is clear that the statutory provisions which establish the Board and define its duties granted it the discretionary power to approve or deny plaintiff's parole release application, and that such denial in the instant case was well within the outer perimeter of the scope of that discretionary power. In light of these factors, we hold that the defendants are entitled to immunity from damage liability for the exercise of their discretion in denying parole release to Mr. Harrison. See Fidtler v. Rundle, supra; Safeguard Mutual Insurance Co. v. Miller, 472 F.2d 732 (3d Cir. 1973); Lasher v. Shafer, 460 F.2d 343 (3d Cir. 1972).

> TWO: Defendants' Good Faith as a Bar to Damages for Their Failure to Give Reasons for the Denial of Plaintiff's Application for Parole:

The question of defendants' liability for their refusal to give plaintiff reasons for the denial of parole raises a different question. In order to decide defendants' immunity from damages for this refusal, we would have to find *first* that the determination to give or withhold reasons was within the Board's discretion, and that the Board was *not* under a ministerial duty to inform the plaintiff of its reasons for denying parole release. Such a determination would require a construction of the Administrative Procedure Act and a decision with respect to defendants' responsibilities, if any, under that Act. Even if we were to find that such a duty was owed to plaintiff pursuant to the provisions of that Act, defendants would still be able successfully to defend against the claim for damages on the basis of the good faith of their actions and the existence of probable cause to support the propriety of those actions. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 456 F.2d 1339 (2d Cir. 1972); *cf.* Scheuer v. Rhodes, *supra*; Johnson v. Alldredge, *supra*, 488 F.2d at 825.

■ Defendants have offered a defense which is supported by affidavits that in turn are not controverted by plaintiff; hence, they are accepted as true and correct since plaintiff must challenge the affidavits if he asks us to reject them as part of his opposition to the motion for summary judgment. See Rule 56(e), F.R.Civ.P.; Boulware v. Parker, 457 F.2d 450 (3d Cir. 1972). It is both unnecessary and undesirable to reach the issue of statutory construction

when, as in the case at bar, we are able to determine the validity of the good faith defense on the basis of the evidence before us. *See* Welch v. Schultz, 157 U.S.App.D.C. 191, 482 F.2d 780 (1973).

█ Defendants have submitted affidavits of the two officers who reviewed plaintiff's initial application and voted to "continue him to the expiration of his sentence". They state that the Board relied upon the validity of its regulations and internal procedures in March and April 1972 in good faith, and accordingly did not provide plaintiff with a statement of the reasons for its denial of parole pursuant to the established policy which was applied to plaintiff in the same manner as it was to all other applicants whose requests for parole were refused at that time.

Quite apart from their statement that "those regulations and internal procedures were followed in reliance upon the advice of the Board's Legal Counsel that they complied with the requirements of the applicable statutes and case law", [aff. W. E. Amos], it should be noted that the case law in this Circuit at that time would also have led these defendants to assume the constitutional validity of the Board's refusal to issue a statement of reasons for its decisions. *See* Madden v. New Jersey State Parole Board, 438 F.2d 1189 (3d Cir. 1971); Mosley v. Ashby, 459 F.2d 477 (3d Cir. 1972); *see also* Scarpa v. U. S. Board of Parole, 477 F.2d 278 (5th Cir. 1973) (en banc), vacated and remanded for consideration of mootness, 414 U.S. 809, 94 S. Ct. 79, 38 L.Ed.2d 44 (1973).[6]

Because affirmative relief is no longer appropriate in this action, and since the defendants have established valid immunity and good faith defenses, they would not be liable for monetary damages to plaintiff; hence, defendants' motion for summary judgment will be granted, plaintiff's motion will be denied.

---

6. Judge Masterson's initial finding in the present action that plaintiff had stated a claim sufficient to withstand defendants' motion to dismiss would not properly have been construed as a decision on the merits and could not have been considered a definitive ruling on the issues presented. *See* United States ex rel. Harrison v. Pace, 357 F.Supp. 354 (E.D.Pa.1973).