George **BENNETT**, Plaintiff,

v.

John J. **GILLIGAN**, etc., et al., Defendants.

No. C 74-361.

United States District Court, N. D. Ohio, W. D.

Oct. 21, 1974.

George Bennett, pro se.

Richard H. Ferrell, Asst. Atty. Gen., Columbus, Ohio, for defendants.

OPINION AND ORDER

WALINSKI, District Judge.

This cause came to be heard on a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Plaintiff brought this action under 42 U.S.C., § 1983, invoking jurisdiction under 28 U.S. C., § 1343.

Plaintiff, an inmate at the Marion Correctional Institution, alleges that defendants, various state officials of the Ohio Adult Parole Authority, abused their discretion in denying him parole by continuing parole determination hearings more than once, which is allegedly in violation of an agreement made between inmates and correctional authorities during an inmate strike. Plaintiff also contends that the parole authority abused its discretion in looking

to the nature of the crime committed by plaintiff in making this continuation determination, and that they made their determination without reference to any set of guidelines.

■ Since plaintiff is seeking money damages under § 1983, and not immediate or speedier release from incarceration, the Court finds that plaintiff's remedy is properly sought under § 1983, rather than habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439 (1973). Plaintiff, therefore, need not first exhaust his state remedies before bringing this action.

It is this Court's determination, however, that plaintiff has failed to state a claim upon which relief can be granted.

In Joyce v. Gilligan, et al., 383 F.Supp. 1028 (1974), a case almost factually identical to this one, this Court held that absent a showing of abuse of discretion on the part of the parole authority by acting in bad faith in denying an inmate parole, the Ohio Adult Parole Authority and various state officials connected with it, have immunity from damage suits brought under § 1983. This is apparently the same conclusion reached by District Court for the Southern District of Ohio in Sparks v. Cooper, Civil No. 174–1 (Sept. 25, 1974).

■ This Court concludes that there is no showing or allegation of bad faith in the present case such as to reach behind the shield of immunity held by the parole authority.

■ From this case, and previous decisions rendered by this and other federal courts, it should become apparent that federal courts are not going to allow § 1983 to become a vehicle for second guessing parole boards.

It is therefore ordered that defendants' motion pursuant to Rule 12(b)(6) be and hereby is granted, and that plaintiff's complaint be and hereby is dismissed.