Donna Lynn REIFF, a minor, by her parents and natural guardians, Donald A. Reiff and Dovie K. Reiff, et al.

v.

COMMONWEALTH OF PENN-SYLVANIA et al.

Civ. A. No. 75–180.

United States District Court,
E. D. Pennsylvania.

July 21, 1975.

Melvin Alan Bank, Philadelphia, Pa., for plaintiffs.

James M. Penny, Jr., Philadelphia, Pa., for City of Philadelphia.

M. Faith Angell, Philadelphia, Pa., for all other defendants.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

The minor plaintiff, Donna Lynn Reiff, by her parents and natural guardians, Donald A. Reiff and Dovie I. Reiff, and minor plaintiff's parents in their own right have brought this § 1983 civil rights action against the following defendants: Commonwealth of Pennsylvania; Pennsylvania Board of Probation and Parole; William C. Boor (Chairman), William F. Butler, Ernest R. Conley and John H. Jefferson, members of the Pennsylvania Board of Probation and Parole at all relevant times; John J. Burke, Superintendent of Parole for the Commonwealth of Pennsylvania; Herman Tartler, Secretary of the Board of Probation and Parole of the Commonwealth of Pennsylvania; Harold G. Miller, Regional Director of the Board of Probation and Parole of the Commonwealth of Pennsylvania; Carol A. Attwood, Probation Officer employed by the Pennsylvania Board of Probation and Parole; and the City of Philadelphia. The plaintiffs seek damages under 42 U.S.C. § 1983 and assert jurisdiction pursuant to 28 U.S.C. § 1343.

The defendants have moved, under Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the complaint as amended.

For the purpose of a motion to dismiss, the material allegations of the complaint are taken as admitted. *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965). In addition, the complaint is to be liberally construed in favor of the plaintiff. Rule 8(f) F.R.Civ.P.; *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint should not be dismissed unless it appears that the plaintiff could prove "no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, supra* at 45–46, 78 S.Ct. at 102. Our Third Circuit has adopted the rule that a complaint in a civil rights action, particularly one drafted by an attorney, is subject to dismissal unless it specifically pleads a cause of action. *Kauffman v. Moss*, 420 F.2d 1270 (3d Cir. 1970); *Rodes v. Municipal Authority of the Borough of Milford*, 409 F.2d 16 (3d Cir. 1969); *Negrich v. Hohn*, 379 F.2d 213 (3d Cir. 1967); *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Marshall v. Brierley*, 461 F.2d 929 (3d Cir. 1972).

The complaint alleges that on February 5, 1973, at or about 4:00 p. m., minor plaintiff, Donna Lynn Reiff, was

visiting a shop known as "Peasant Garb" at 223 South 17th Street, Philadelphia, Pennsylvania for business purposes. While the minor plaintiff was in the shop, she was shot and permanently injured by Kenneth Taylor a/k/a Kenneth Davis, who in the company of, and in conspiracy with, Angelia Frierson and William Phillip Jones, was engaged in robbing at gunpoint individuals who were in the shop. The complaint as amended alleges that, knowing that one or more of the three robbers had serious prior criminal records for violent crimes, the Pennsylvania Board of Probation and Parole, and its individual members, nevertheless released one or more of the robbers from imprisonment prior to the expiration of the term or terms to which they had been sentenced. The complaint as amended further alleges that the defendants failed to properly supervise, visit, maintain surveillance of, or restrict the activities of these robbers while on probation. The plaintiffs also allege that one of the robbers was released by the Board of Probation and Parole prior to the expiration of his term of imprisonment without assigning him to a parole officer and also that the parole officers, the Board of Probation and Parole, its members and staff, failed to apprehend him when they knew that his parole was violated. The plaintiffs also allege that the defendants, including the City of Philadelphia and its Police Department, failed to take appropriate action to apprehend said criminals until after the minor plaintiff was shot and that the City of Philadelphia and its Police Department failed to maintain proper surveillance of the business premises of the "Peasant Garb" shop, failed to apprehend the robbers while they were engaged in the robbery and failed to bring one or more of the robbers to trial on criminal charges for which they had been arrested and indicted for more than 18 months prior to February 5, 1973, the day the minor plaintiff was shot. Plaintiffs also allege that the release of the convicted felons, who were known to be dangerous persons and threats to the safety of the citizens of the Commonwealth of Pennsylvania, by defendants Commonwealth of Pennsylvania and the Pennsylvania Board of Probation and Parole and by the named individual defendants, acting within the scope of their authority and in their official capacities, was a denial of the minor plaintiff's right to equal protection of the laws in violation of Section 1 of the Fourteenth Amendment to the Constitution of the United States and constituted deprivation of the minor plaintiff's right to life and liberty without due process of law in violation of Section 1 of the Fourteenth Amendment to the Constitution of the United States. The complaint as amended further alleges that the minor plaintiff was thereby deprived of her rights, privileges and immunities secured by the Constitution and the laws of the United States and that all of the defendants are liable to plaintiffs under the provisions of the Constitution of the United States and § 1983 of the Civil Rights Act.

■ The defendants, Commonwealth of Pennsylvania and the Pennsylvania Board of Probation and Parole, have moved to dismiss the complaint as amended on the ground that they are not "person[s]" within the meaning of § 1983. A state is not a "person" under § 1983 and hence not subject to suit pursuant to that section of the Civil Rights Act. *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Curtis v. Everette*, 489 F.2d 516 (3d Cir. 1973); *United States ex rel. Gittlemacker v. County of Philadelphia*, 413 F.2d 84 (3d Cir. 1969). Similarly, the Pennsylvania Board of Probation and Parole is not a "person" within the meaning of § 1983. *Curtis v. Everette, supra; Madden v. New Jersey Parole Board*, 438 F.2d 1189 (3d Cir. 1971); *Brown v. Pennsylvania Board of Probation and Parole*, 311 F.Supp. 1176 (E.D.Pa.1970); *Gallagher v. Pennsylvania Board of Probation and Parole*, 287 F.Supp. 610 (E.D.Pa.1968); *Taylor*

v. *Pennsylvania Board of Probation and Parole,* 263 F.Supp. 450 (M.D.Pa.1967). Accordingly, the complaint as amended is dismissed as to the Commonwealth of Pennsylvania and the Pennsylvania Board of Probation and Parole.[1]

The individuals named as defendants have also moved to dismiss the complaint as amended on the following grounds: that they are immune from suit for damages under § 1983 by virtue of judicial or quasi-judicial immunity; that the complaint had failed to allege any direct personal involvement in the deprivation of plaintiffs' constitutional rights alleging only that they were "acting within the scope of their authority and in their official capacities" at the time they released the assailants from prison; and that the plaintiffs are in fact suing state officials acting within the parameters of their offices and under statutory direction and thus are, in fact, suing the state which is immune from suit.

■ The complaint as amended against the individual defendants must be dismissed. The complaint as amended seeks damages from them based upon discretionary acts within their official capacities. Defendants Boor, Butler, Conley, Jefferson, Burke, Tartler and Miller are members and officials of the Pennsylvania Board of Probation and Parole and, as such, they are immune from suit for damage under § 1983 when, as in this case, it is alleged that they acted within the scope of their authority and in their official capacities. The law is clear that such officials are immune from suit for damages under § 1983 in the performance of discretionary duties within the framework of a quasi-judicial process. *Cruz v. Skelton,* 502 F.2d 1101 (5th Cir. 1974); *Keeton v. Procunier,* 468 F.2d 810 (9th Cir. 1972); *Allison v. California Adult Authority,* 419 F.2d 822 (9th Cir. 1969); *Villalobos*

v. *Dickson,* 406 F.2d 835 (9th Cir. 1969); *Bennett v. California,* 406 F.2d 36 (9th Cir. 1969); *Silver v. Dickson,* 403 F.2d 642 (9th Cir. 1968); *Joyce v. Gilligan,* 383 F.Supp. 1028 (N.D.Ohio 1974); *Bennett v. Gilligan,* 383 F.Supp. 1032 (N.D.Ohio 1974); *Myers v. Bendus,* 343 F.Supp. 370 (E.D.Pa.1972); *United States ex rel. Pope v. Williams,* 326 F.Supp. 279 (E.D.Pa.1971); *Brown v. Pennsylvania Board of Probation and Parole,* 311 F.Supp. 1176 (E.D.Pa. 1970); *Robinson v. Largent,* 311 F. Supp. 1032 (E.D.Pa.1970); *Paige v. Pennsylvania Board of Probation and Parole,* 311 F.Supp. 940 (E.D.Pa.1970); *Simmons v. Maslysnky,* 45 F.R.D. 127 (E.D.Pa.1968); *Moore v. Pennsylvania Board of Parole,* Civil Action No. 69–1293 (E.D.Pa. filed Dec. 18, 1969); *Lawhorn v. Pennsylvania,* Civil Action No. 69–652 (E.D.Pa. filed Sept. 15, 1969).

■ Similarly, defendant Carol Attwood is immune from suit for damages under § 1983 since it is alleged that she acted within the scope of her authority and in her official capacity, thereby acting as a parole officer performing discretionary duties within the framework of a quasi-judicial process. *Robinson v. Largent,* 311 F.Supp. 1032 (E.D.Pa. 1970); *Friedman v. Younger,* 282 F. Supp. 710 (C.D.Cal.1968).

■ Plaintiffs contend that the Supreme Court's decision in *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), prohibits dismissal of this action on the basis of judicial or quasi-judicial immunity. In *Scheuer,* an action was brought against the Governor of Ohio, the head of the Ohio National Guard, various guardsmen and the President of Kent State University for the events surrounding the shootings on the Kent State campus in 1970. The defendants were charged with intentionally and recklessly causing the deployment of National Guardsmen on the campus

---

1. In a letter to this Court dated June 21, 1975, the plaintiffs acknowledge that the motion to dismiss filed on behalf of the Pennsylvania Board of Probation and Parole is "meritorious".

which resulted in several deaths. In reversing the district court's dismissal of the complaint, the Supreme Court held that executive immunity was not absolute, and that a suit for damages under § 1983 against executive officers could not be dismissed without further proceedings to determine whether the defendants' actions were within the scope of their duties, whether they acted within the range of authorized discretion and whether they acted in good faith. *Scheuer* in no way limits the scope of judicial immunity. As observed by Judge Luongo in *Schmidt v. Degen*, 376 F.Supp. 664, 669 (E.D.Pa.1974): "This decision [*Scheuer*] . . . does not alter the broad sweep of judicial immunity." Accordingly, the complaint as amended is dismissed as to the individual defendants.

■ The defendant, the City of Philadelphia, has moved to dismiss the complaint as amended on the ground that it is a municipality within the Commonwealth of Pennsylvania and is therefore not a "person" within the meaning of § 1983. It is well established that a municipality is not a "person" within the purview of § 1983. *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Lehman v. City of Pittsburgh*, 474 F.2d 21 (3d Cir. 1973); *Ammlung v. City of Chester*, 355 F. Supp. 1300 (E.D.Pa.1973). Thus, the complaint as amended is dismissed as to the City of Philadelphia insofar as it asserts a claim against the City on the basis of § 1983.

■ The plaintiffs have argued in their Memorandum in Opposition to the Motion to Dismiss that this Court has jurisdiction over the City pursuant to 28 U.S.C. § 1331. Although we are not at this time expressing any opinion as to whether the plaintiffs have a cause of action against the City of Philadelphia based upon a deprivation of a right, privilege or immunity secured by the Constitution and laws of the United States, the dismissal of the complaint as to the City of Philadelphia is without prejudice to the plaintiffs' filing and serving an amended complaint against the City within ten days from the date of this Order.[2] In the event such amended complaint is filed, it shall set forth the jurisdictional basis upon which the plaintiffs rely together with the factual and constitutional basis of their cause of action pleaded with particularity and not in the broad conclusory language of the present complaint.[3]

Accordingly the following Order is entered:

### ORDER

And now, to wit, this 21*st* day of July, 1975, it is hereby ordered that the Motion of the Defendants, Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, William F. Butler, William C. Boor, Ernest R. Conley, John H. Jefferson, Carol A. Attwood, John J. Burke, Herman Tartler and Harold G. Miller, to Dismiss the Complaint is granted.

It is further ordered that the Motion of the Defendant, City of Philadelphia, to Dismiss the Complaint is granted without prejudice to the Plaintiffs filing and serving an amended complaint

---

2. See *Fields v. Romano*, 370 F.Supp. 1053 (E.D.Pa.1974). Amendment of the complaint against the Commonwealth and the Board of Probation and Parole so as to allege jurisdiction under § 1331 would be inappropriate since both the Commonwealth and the Board of Probation and Parole are immune from suit under the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Downs v. Department of Public Welfare*, 368 F.Supp. 454 (E.D.Pa.1973).

3. *See Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970), where Judge Aldisert states: More is needed than a naked averment that a tort was committed under the color of state law; the wrongdoing must amount to a deprivation of a right, privilege, or immunity secured by the Constitution and the laws of the United States. And this must be set forth with specificity; mere argumentative and conclusory allegations will not suffice.

**350**

against the Defendant, City of Philadelphia, within ten (10) days from the date of this Order setting forth the jurisdictional basis upon which they rely together with the factual and constitutional basis of their cause of action pleaded with particularity.