**Alex T. MLIKOTIN and Elvira M. Mlikotin, and on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,**

v.

**CITY OF LOS ANGELES, a municipal corporation and members of the City Council, etc., Defendants-Appellees.**

**No. 79–3477.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 1981.

Decided April 23, 1981.

Rehearing Denied June 15, 1981.

Bennett Rolfe, LeBel & Rolfe, Santa Monica, Cal., for plaintiffs-appellants.

Norman L. Roberts, Asst. City Atty., Los Angeles, Cal., for defendants-appellees.

Before GOODWIN and SCHROEDER, Circuit Judges and TEMPLAR *, District Judge.

---

* Honorable George Templar, Senior United States District Judge for the District of Kansas, sitting by designation.

SCHROEDER, Circuit Judge:

Plaintiffs are residents of the Venice Canal area of the City of Los Angeles. They filed this action for damages under 42 U.S.C. § 1983 against the city and members of the Los Angeles City Council. The theory of their action is that over a period of years, while the neighborhood was inhabited by poorer residents, the area received inadequate municipal services, and that plaintiffs' property thus has less value than it would otherwise have. They claim denial of equal protection in violation of the fourteenth amendment.

Plaintiffs do not maintain that the level of services was the result of any racial or other suspect classification. *Contrast Hawkins v. Town of Shaw*, 437 F.2d 1286 (5th Cir. 1971), *aff'd on rehearing en banc*, 461 F.2d 1171 (1972). Nor have they alleged any irrational system of classification by the city. *Contrast Sterling v. Village of Maywood*, 579 F.2d 1350, 1354 (7th Cir. 1978), *cert. denied*, 440 U.S. 913, 99 S.Ct. 1227, 59 L.Ed.2d 462 (1979); *Davis v. Weir*, 497 F.2d 139, 144–45 (5th Cir. 1974). Rather, they claim simply that the city has not distributed its services in an equal manner. The Constitution does not require that laws treat every individual exactly alike, however, to withstand constitutional attack, *Salyer Land Co. v. Tulare Lake Basin Water Storage Dist.*, 410 U.S. 719, 725, 93 S.Ct. 1224, 1228, 35 L.Ed.2d 659 (1973), and a government body may draw lines or make decisions which treat individuals or entities differently. *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 359, 93 S.Ct. 1001, 1003, 35 L.Ed.2d 351 (1973). The Constitution does not explicitly provide a right to municipal services. *See Hawkins v. Town of Shaw*, 461 F.2d 1171, 1173 (5th Cir. 1972); *Reiff v. City of Philadelphia*, 471 F.Supp. 1262, 1265 (E.D.Pa.1979); *see also Lindsey v. Normet*, 405 U.S. 56, 74, 92 S.Ct. 862, 874, 31 L.Ed.2d 36 (1972).

These plaintiffs, despite the opportunity to plead their cause with more specific-

ity, have failed to articulate any action by the city which was based upon either an invidious distinction (such as race) or a facially unreasonable classification. *See Reiff v. City of Philadelphia, supra,* at 1265. Plaintiffs' complaint reflects dissatisfaction with past government decisions affecting the property they now own. It does not allege the unequal treatment of persons similarly situated which would be the gravamen of a complaint for denial of equal protection. *See Magoun v. Illinois Trust & Sav. Bank,* 170 U.S. 283, 293, 18 S.Ct. 594, 598, 42 L.Ed. 1037 (1898); L. Tribe, *American Constitutional Law* § 16–1 (1978).

We affirm the district court's dismissal of the complaint on the ground that it fails to state a claim upon which relief can be granted.