**DONREY MEDIA GROUP dba Hawaii Tribune–Herald and dba West Hawaii Today, an Arkansas corporation; Gannett Pacific Corporation, dba The Honolulu Advertiser, a Hawaii corporation; Liberty Newspapers Limited Partnership, dba Honolulu Star–Bulletin, an Arkansas limited partnership; Society of Professional Journalists—Hawaii Chapter a nonprofit organization; and SF Broadcasting of Honolulu, Incorporated, dba KHON–TV, Plaintiffs,**

v.

**Donald IKEDA, County Clerk, County of Hawaii, Hawaii, Defendant/Third–Party Plaintiff,**

v.

**Dwayne YOSHINO, Chief Elections Officer, State of Hawaii, Third–Party Defendant.**

**Civil No. 96–00713 DAE.**

United States District Court,
D. Hawaii.

Dec. 16, 1996.

Jeffrey S. Portnoy, Christopher I.L. Parsons, Cades Schutte Fleming & Wright, Honolulu, HI, for Plaintiffs.

Steven Christensen, Corporation Counsel, Hilo, HI, for Donald Ikeda.

Russell A. Suzuki, Office of Attorney General–State of Hawaii, Honolulu, HI, for Dwayne Yoshino.

## *ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

DAVID ALAN EZRA, District Judge.

On September 16, 1996 Defendant filed a Motion for Judgment on the Pleadings, and on September 27, 1996, Plaintiffs filed a Cross–Motion for Summary Judgment. The court heard Plaintiff's Motion for Summary Judgment and Defendant's Motion for Judgment on the Pleadings on December 16, 1996. Jeffrey S. Portnoy Esq., and Christopher Parsons, Esq., appeared at the hearing on behalf of Plaintiffs; Deputy Corporation Counsel for the County of Hawaii Steven Christensen, appeared at the hearing on behalf of Defendant; Russell Suzuki, Esq., appeared at the hearing on behalf of Third–Party Defendant. After reviewing the motion and the supporting and opposing memoranda, the court DENIES Defendant's Motion for Judgment on the Pleadings and GRANTS Plaintiff's Motion for Summary Judgment and declares Hawaii Revised Statutes § 11–14.6 unconstitutional and enjoins enforcement of its provisions.

## *BACKGROUND*

On July 8, 1996, Kevin Dayton, a news reporter for the Tribune–Herald informed personnel of the Hawaii County Clerk's Office that he wished to view the voter registration affidavits of certain persons other than himself, or in the alternative, a listing of information contained in the affidavits. The Tribune–Herald sought this information in connection with news coverage of matters it felt would be of interest to its readers. The request was not made in order to challenge an affiant's voter registration status.

The County Clerk refused the Tribune–Herald's request for access to voter registration records on the ground that the Tribune–Herald is not qualified to view the records under Hawaii Revised Statutes § 11–14.6. Prior to a 1990 amendment to this statute, voter registration records were open to inspection by any member of the public, including the Plaintiffs, for any purpose, pursuant to Hawaii Revised Statute § 11–14.

Consequently on August 27, 1996, Plaintiffs Donrey Media Group, dba Hawaii Tribune–Herald and dba West Hawaii Today, an Arkansas corporation, et. al., ("Plaintiffs") filed a complaint against Defendant Donald Ikeda, County Clerk for the County of Hawaii. The Complaint alleges that § 11–14.6 is on its face, and as applied to Plaintiffs unconstitutional because it violates their right to Equal Protection under the United States Constitution and the Hawaii Constitution. Plaintiffs also claim a violation of 42 U.S.C. § 1983 because Defendant acted under color of state law in denying Plaintiffs access to the voter registration records.

## *DISCUSSION*

I. Defendant's Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides in part as follows:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. . . .

The dismissal on the pleadings is proper only if the moving party is clearly entitled to prevail. *Doleman v. Meiji Mutual Life Insurance Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). All allegations of fact of the opposing party are accepted as true. *Id.* Generally, the court is unwilling to grant dismissal pursuant to Rule 12(c) "unless the movant clearly establishes that he is entitled to judgment as a matter of law." *Id.* (quoting Wright & Miller, *Federal Practice and Procedure: Civil* § 1368). To the extent, however, that "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed.R.Civ.P. 12(c).

Defendant argues that he is entitled to judgment on the pleadings because Plaintiffs' First Amendment and Equal Protection arguments are without merit and because he is entitled to Eleventh Amendment immunity.[1]

The court will address the Eleventh Amendment argument first as it relates to this court's jurisdiction over the instant action.

### A. *Eleventh Amendment Immunity*

■ Plaintiffs have sued Defendant for constitutional violations as well as for violation of 42 U.S.C. § 1983 in his official capacity; they seek attorneys fees pursuant to § 1988. Defendant has asserted that the Eleventh Amendment doctrine of sovereign immunity provides him a complete defense. The Eleventh Amendment reads:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.[2]

The Supreme Court has interpreted this Amendment to signify that "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed[.]" *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). Where state officials are the named defendants, the Eleventh Amendment bars the suit if " 'the state is the real, substantial party in interest.' " *Pennhurst*, 465 U.S. at 101, 104 S.Ct. at 908, (*citing Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464, 65 S.Ct. 347, 350–51, 89 L.Ed. 389 (1945)). "Thus, '[t]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.' " *Id.* (*citing Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 1053, 10 L.Ed.2d 191 (1963)).

■ Moreover, a plaintiff may not sue a state in either law or equity. *Id.* at 100–01, 104 S.Ct. at 908 (*citing Missouri v. Fiske*, 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933) ("the Amendment necessarily embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies when those are asserted and prosecuted by an individual against a State")). Reading these two principles together, a suit against a state official that is in fact a suit against a State is barred regardless of whether the plaintiff seeks monetary or injunctive relief. *Id.* at 101–02, 104 S.Ct. at 908–09 (*citing Cory v. White*, 457 U.S. 85, 91, 102 S.Ct. 2325, 2329, 72 L.Ed.2d 694 (1982)).

■ The Court has recognized an exception to this general rule: a plaintiff may

---

1. Defendant relies upon the case of *McConnell v. Adams*, 829 F.2d 1319 (4th Cir.1987), for the proposition that he is entitled to immunity. That case is not instructive here. In *McConnell*, the Fourth Circuit's review of the relevant Virginia statutes disclosed that electoral boards and registrars had a closer relationship to the state than the localities in which they work. It looked to various statutory criteria to determine whether the officials were entitled to immunity. One criterion was the fact that electoral boards were required to maintain uniform statewide practices and proceedings. *Id.*, at 1327. This is certainly not the case here. Plaintiffs have provided affidavits from county clerks in Honolulu and Maui which interpret § 11–14.6 differently than Defendant in this action. Apparently, each county has its own procedures and criteria for determining whether an individual is entitled to have access to voter registration records. This fact runs counter to Defendant's argument.

2. The Supreme Court has held that this provision bars suits against a state brought by its own citizens, as well as by foreign citizens. *Papasan v. Allain*, 478 U.S. 265, 276, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986).

challenge the constitutionality of a state official's action by seeking prospective injunctive relief. *Id.* at 102, 104 S.Ct. at 909 (*citing Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). If the plaintiff asks the federal court to enjoin the official's future unconstitutional conduct, the Eleventh Amendment presents no bar, because unconstitutional actions by state officials cannot be authorized by a state. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). However, a plaintiff may not seek retroactive monetary relief against the state official for past allegedly unconstitutional behavior. *Id.* at 666–67, 94 S.Ct. at 1357–58.

Simply asking for injunctive relief and not damages will not automatically allow the plaintiff to overcome the dictates of the Eleventh Amendment. The Supreme Court has recognized that the difference between retrospective and prospective relief "will not in many instances be that between day and night." *Papasan,* 478 U.S. at 278, 106 S.Ct. at 2940 (*citing Edelman,* 415 U.S. at 667, 94 S.Ct. at 1357). Generally, "[r]elief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred [by the Eleventh Amendment]." *Papasan,* 478 U.S. at 278, 106 S.Ct. at 2940.

It is clear that in the case at bar, Plaintiffs seek only prospective injunctive and declaratory relief against Defendant, a county official. Plaintiffs do not seek compensation or relief based on Defendant's past enforcement of § 11–14.6, instead Plaintiffs seek to enjoin Defendant's future enforcement of § 11–14.6, so that they may obtain access to voter registration records. This is not disputed by Defendant. Thus, the Eleventh Amendment does not shield Defendant from relief in this case.

Moreover, the Ninth Circuit has held that the Eleventh Amendment does not bar recovery of attorneys fees. In *Southeast Legal Defense Group vs. Adams,* the court stated that "even if the Eleventh Amendment would otherwise present a barrier to an award of fees against a State, Congress was clearly acting within its power under § 5 of

the Fourteenth Amendment in removing that barrier." 657 F.2d 1118, 1124 (9th Cir.1981) (citing *Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980)). The court went on to acknowledge that Congress intended for fees to be awarded in cases where pendant constitutional claims are involved, even if the plaintiff prevails under a statute for which fees cannot be awarded. *Id.* Thus, if Plaintiffs prevail on their constitutional or § 1983 claims for injunctive and declaratory relief, the Eleventh Amendment would not be a bar to their § 1988 claim for attorneys fees.

### B. Plaintiffs Equal Protection Claim

Defendant contends that he is entitled to judgment on the pleadings because Plaintiffs Equal Protection claims are without merit. Defendant maintains that there has been no denial of the constitutional guarantees of freedom of the press because there is no constitutional right to access to certain information. Further, Defendant alleges that § 11–14.6 presents no denial of Equal Protection because there has been no invidious discrimination, thus a rational basis review should be used.

The equal protection clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center. Inc.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). *See also Mlikotin v. City of Los Angeles,* 643 F.2d 652, 654 (9th Cir.1981). In order to prevail on an equal protection claim, Plaintiff must show intentional discrimination. *Sischo–Nownejad v. Merced Community College Dist.,* 934 F.2d 1104, 1112 (9th Cir.1991); *McCleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 1766–67, 95 L.Ed.2d 262 (1987); *Washington v. Davis,* 426 U.S. 229, 240, 96 S.Ct. 2040, 2047–48, 48 L.Ed.2d 597 (1976). When no suspect classification or fundamental right is involved, a Defendant's conduct must bear a reasonable relationship to a legitimate state interest.

Plaintiffs argue that Defendant violates their Equal Protection rights when he refuses to grant them access to the voter registration records. Plaintiffs assert that Defen-

dant is exercising a discriminatory right of access to those records, violating their First Amendment rights, therefore a heightened level of scrutiny should be used. In contrast, Defendant claims, however, that only rational basis review should be used because the legislature has placed no invidious distinctions upon the categories of persons entitled to access.

The First Amendment Freedom of the press guarantees are safeguarded from intrusion by the states through the due process clause of the Fourteenth Amendment. *Borreca v. Fasi*, 369 F.Supp. 906, 908 (D.Haw.1974) (citing *Near v. Minnesota*, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931)). Freedom of the press also includes a limited right of reasonable access to news. *Id.* Further, a court must resolve challenges to state elections laws by balancing the "character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate." *Anderson v. Celebrezze*, 460 U.S. 780, 789, 103 S.Ct. 1564, 1570, 75 L.Ed.2d 547 (1983) (Equal Protection Clause implicated where access to ballots is limited to certain identifiable groups).

In *Borreca*, the plaintiffs sought to enjoin the mayor from excluding a certain reporter from the mayor's general news conferences. The court held that a heightened level of scrutiny should be used in cases in which First Amendment rights are involved by balancing the degree and type of restraint against the state interest to be served. The court found that the defendants did not have a compelling interest in excluding the reporter and ordered that defendants were enjoined from excluding this reporter from press conferences. Although *Borreca* involved selective exclusion of the press from news conferences, the plaintiff did not allege an equal protection violation, so the court did not address the issue. However, this court finds the reasoning in *Borreca* persuasive in this case.

Plaintiffs have asserted fundamental First Amendment rights. However, Defendant, through its application of § 11–14.6 has selectively denied certain media and news entities access to voter registration records, while others do have access. The statute reads as follows:

(a) *No person other than the affiant shall have access to the affiant's voter registration affidavit or any list or register prepared therefrom except for election or government purposes pursuant to this section.*

(b) The clerk shall not allow the release, rental, or sale of a voter registration affidavit or any list or register prepared therefrom except for the *following election or government purposes:*

(1) For release pursuant to a *challenge* to the affiant's voter registration.

(2) For *rental to candidates. political parties. committees. and service bureaus* as defined in section 11–1; or

(3) For release, rental, or sale to *federal, state, or county agencies* requiring such information for a public purpose.

(c) The following conditions shall be met before voter registration information may be released:

(1) The applicant shall obtain the written permission of the clerk or the clerk's designated representative;

(2) The applicant shall agree in writing that the applicant shall use the information for election or government purposes only;

(3) The applicant shall agree in writing that the applicant will not sell or otherwise release the information to any commercial firm, or use or permit the use of the information for any commercial purpose, provided that service bureaus may charge a fee for furnishing data processing services where such services are rendered solely for election or government purposes; and

(4) In the case of a rental of a voter registration tape by a nongovernmental agency, the clerk shall require the person renting the voter registration tape to agree in writing to return the tape no later than the date specified by the clerk.

(d) *It shall be unlawful for any person to use. print. publish. or distribute in any manner whatsoever not provided by law.*

*any voter registration information acquired directly or indirectly from the voter registration affidavits or any list prepared therefrom.* Any person who violates this section shall be guilty of a misdemeanor.

H.R.S. § 11–14.6 (emphasis added). Defendant argues that based on the statute's legislative history, that these restrictions are necessary to protect the privacy interests of the affiants. However, the statute does not serve the privacy interests of Hawaiian citizens because certain entities and individuals, other than the media, do in fact have access to those records. For instance, an individual who is a reporter as well as a member of a certain political party could very well gain access to the voter registration records in her status as a member of a political party. This court fails to see how any legitimate state interest in voter privacy could be served as the statute is written.

The Supreme Court has held that while the media has no special right of access to information, its right should be "no ... different from or greater than that accorded to the public generally." *Houchins v. KQED. Inc.,* 438 U.S. 1, 16, 98 S.Ct. 2588, 2597, 57 L.Ed.2d 553 (1978) (news reporters are entitled to learn about jail conditions for news purposes in the same ways which are open to visitors, public officials, and institutional personnel). Thus, the court holds that Plaintiffs have raised valid claims under § 1983 and under the Equal Protection Clauses of the Federal and State Constitutions because access to government records is granted to some members of the public and not others. This statute excludes an important segment of the population. The court DENIES Defendant's Motion for Judgment on the Pleadings.

II. Plaintiffs' Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered when:

> ... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any materi-

al fact and that the moving party is entitled to a judgment as a matter of law.

The moving party has the initial burden of "identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). The movant must be able to show "the absence of a material and triable issue of fact," *Richards v. Neilsen Freight Lines,* 810 F.2d 898, 902 (9th Cir.1987), although it need not necessarily advance affidavits or similar materials to negate the existence of an issue on which the nonmoving party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53. *But cf., Id.,* at 328, 106 S.Ct. at 2555 (White, J., concurring).

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support his legal theory. *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 282 (9th Cir.1979). The opposing party cannot stand on his pleadings, nor can he simply assert that he will be able to discredit the movant's evidence at trial. *See T.W.Elec.,* 809 F.2d at 630. Similarly, legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). Moreover, "if the factual context makes the nonmoving party's claim *implausible,* that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *California Architectural Bldg. Products Inc. v. Franciscan Ceramics,* 818 F.2d 1466, 1468 (9th Cir.1987), (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)) (original emphasis).

The standard for a grant of summary judgment reflects the standard governing the

grant of a directed verdict. *See Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1289 (9th Cir.1987) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). Thus, the question is whether "reasonable minds could differ as to the import of the evidence." *Eisenberg*, 815 F.2d at 1289.

However, when "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." *T.W.Elec.*, 809 F.2d at 631. Also, inferences from the facts must be drawn in the light most favorable to the nonmoving party. *Id.* These inferences may be drawn both from underlying facts that are not in dispute, as well as from disputed facts which the judge is required to resolve in favor of the nonmoving party. *Id.*

### A. *The Merits*

Because there is no genuine issue of material fact, and the inquiry was simply one of law, the court finds that as a matter of law Plaintiffs have been denied their right to Equal Protection under the United States Constitution and have been denied their rights under § 1983, thus the court need not reach the issue of whether there has been a violation of the State Constitution.

In sum, on its face Hawaii Revised Statutes § 11–14.6 is unconstitutional as it grants to certain individuals and entities access to public records, i.e., voter registration lists, while denying that access to other segments of the public including the media without any rational basis. The statute thus discriminates against the media without furthering any legitimate state interests. The First Amendment rights of the Plaintiffs are also unconstitutionally subjugated to the statute's preference for providing information to certain defined groups such as political parties while denying access to that information to other groups such as the media. Therefore, this court GRANTS Plaintiffs' Motion for Summary Judgment.

### B. *Injunctive Relief*

Title 42 U.S.C. § 1983 authorizes injunctive relief. *Borreca*, 369 F.Supp. at 911 (citing *Burnside v. Byars*, 363 F.2d 744 (5th Cir.1966)). Moreover, "[w]here deprivations of First Amendment freedoms are involved, irreparable injury is presumed." *Id.* (citations omitted).

Plaintiffs have provided evidence that other counties within the state of Hawaii have interpreted the statute so as to allow media access to the records. Apparently, certain county officials in Maui and Honolulu, in their attempt to stay within the parameters of the U.S. Constitution, have granted the media access. A plain reading of the statute would not allow such an interpretation, and the county of Hawaii, in its attempt to follow the letter of the statute, has violated the United States Constitution.

### CONCLUSION

The statute, as drafted, provides dangerous precedent by allowing the state government and local municipalities to control the type of access to voter registration records that will be permitted to the press while permitting record access to political parties and certain other organizations. This clearly is an intolerable infringement upon the public's right to know and denies a means of public access to important information relative to the integrity and honesty of the elections process. The court thereby finds that Hawaii Revised Statute § 11–14.6, as written, is unconstitutional on its face under the United States Constitution and a violation of § 1983. This court declares the statute unenforceable and grants Plaintiffs' injunction statewide.

The court grants the parties leave to file their motions regarding Plaintiffs request for attorneys fees under § 1988.

For the reasons stated above, the court DENIES Defendant's Motion for Judgment on the Pleadings and GRANTS Plaintiffs' Motion for Summary Judgment.

IT IS SO ORDERED.