laPER CURIAM.
This appeal presents the question of whether the trial court erred in nullifying the November 5, 1996 elections in the parishes which voted to reject video poker.
The parties to this appeal are Premier Games, Inc., et al., the original plaintiffs, and the intervenors, Slidell 76 Travel Center, Inc. d/b/a Travel Centers of America, and Four Rivers Gaming, Inc. These parties will collectively be referred to as the plaintiffs. The defendants in this matter are the State of Louisiana, through Richard Ieyoub, Attorney General; W. Fox McKeithen, Secretary of State; Hunt Downer, Speaker of the Louisiana House of Representatives; and Randy Ewing, President of the Louisiana Senate.
By judgment dated May 24, 1999, the trial court found that because LSA-R.S. 27:13 C(6) violated the plaintiffs’ rights of free association under the First Amendment of the United States Constitution, the referendum elections on video poker held on November 5, 1996, were constitutionally tainted. As a result, the trial court declared the election null and void in 30 of the 33 parishes which rejected video poker.[1] The parties sought an expedited appeal directly to the Louisiana Supreme Court; however, pursuant to an order of the supreme court dated May 26, 1999, the appeal was remanded to this court.
Previously, this court exercised its supervisory jurisdiction and granted an exception of no cause of action in Premier Games, Inc. v. State of Louisiana, 97-2231 (La.App. 1st Cir.10/31/97) (unpublished writ); writ denied, 97-2786 (La.1/30/98); 709 So.2d 707, which dismissed the election contest portion of this suit concerning the nullification of the November 5, 1996 election. In granting the writ, this court found the petition failed to allege that, except for irregularities or fraud in the conduct of an election, the result would have been different. That decision is now final; therefore, there is no viable action under the Election Code, LSA-R.S. 18:1401 et seq.
| ¿What this case involves is an attempt to seek redress for alleged constitutional violations under 42 U.S.C. § 1983 and the First Amendment to the United States Constitution. The plaintiffs assert that the “NO” votes on the challenged referenda in the 33 parishes that rejected video poker are constitutionally tainted by the declaration that LSA-R.S. 27:13 C(6), was unconstitutional. The statute was the content-based prohibition of plaintiffs’ freedom to organize and contribute money to political action committees (PACs) opposed to the repeal of video poker. See Charles A. Brown d/b/a Triambient Lounge & Restaurant v. State of Louisiana, 96-2204 (La.10/15/96); 680 So.2d 1179.
According to the plaintiffs, “[t]he only question remaining is whether the plaintiffs have averred and can prove an ‘actionable causal relationship’ between R.S. 27:13 C(6) and their asserted injury.” To determine the propriety of the trial court’s ruling, we must consider the relevant language of 42 U.S.C. § 1983, which provides:
Every person who, under color of any statute, ... of any State ... subjects, or even causes to be subjected, any citizen *854 of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. (Emphasis ours.)
We focus our attention on which rights were deprived and what injury was suffered. The trial court ruled that the injury resulting from the deprivation of plaintiffs’ First Amendment rights of free association was the rejection of video poker in 33 parishes. We disagree.
The injury suffered was not the tainting of the referenda, but rather the deprivation of the right of free association, i.e., the prohibition against the formation of PACs supporting video poker. We note this deprivation was cured 17 days prior to the election. However, we make no finding regarding the adequacy of the 17-day time period. Instead, we must determine whether the remedy granted by the trial court was the appropriate remedy for the deprivation of the plaintiffs’ rights of free association.
The plaintiffs’ reliance on the cases of Hadnott v. Amos, 394 U.S. 358, 364, 89 S.Ct. 1101, 22 L.Ed.2d 336 (1969); Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969); and Phoenix v. Kolodziejski, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523 (1970), to support their | Bcontention that the November 5, 1996 election can be overturned due to constitutional infirmities, is misplaced. First, Hadnott arose in the context of the Voting Rights Act of 1965, which is not an issue in the instant case. Also, Hadnott specifically involved a situation where candidates were completely denied an opportunity to be included on the ballot. The Cipriano and Phoenix decisions addressed situations where an identifiable class of voters was denied the opportunity to vote on a particular issue. In the case before the court, we are not presented with any type of denial of a class of voters to vote on a particular issue, denial of the right to vote, denial of the right to seek elective office, or failure to include an issue on the ballot. We further note that the cases cited by the plaintiffs do not involve any judicial determination prior to the elections that rights had been violated. In the present case, there was a judicial determination issued 17 days prior to the election that the plaintiffs’ rights had been violated. See Brown, 680 So.2d 1179.
Compensatory damages and injunctions are remedies clearly available under 42 U.S.C. § 1983 if timely asserted. However, all parties agree that compensatory damages are not at issue in the present case. As plaintiffs note in their brief to this court, “[a] declaratory judgment can be granted under section 1983, as a variety of equitable remedies. Injunctive relief is frequently granted”, citing Charles Allen Wright, Arthur R. Miller, Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE (2d ed.1984), vol. 13B, section 3573 .2, pp. 218-219.
Since there is no existing action under the Election Code, the Voting Rights Act of 1965 is not involved, and there are no allegations that voters were denied the right to vote or to run for office or that the issue at hand was not properly presented on the ballot, we must reverse the trial court’s nullification of this election.
The nullification of an election has been described as a “drastic, if not staggering” remedy. Cook v. Luckett, 735 F.2d 912, 921-22 (5th Cir.1984). We decline to impose such an extreme remedy when the plaintiffs had the opportunity to seek judicial relief through injunction for their deprivation of the right to free association prior to the election. The plaintiffs had 17 days to seek an injunction of the election and chose not to do so. The trial court attempted to validate plaintiffs’ inaction by stating there was no Rlaw requiring the plaintiffs to seek an injunction prior to the election in order to later preserve then-rights to relief. This conclusion of the trial court ignores the elementary principle behind the judicial remedy of an injunc *855 tion, i.e., that injunctions are ineffective after the act sought to be enjoined has taken place.
To obtain a preliminary injunction, the first showing a party must make is that the injury, loss, or damage he will suffer if the injunction does not issue may be irreparable. State, through Louisiana State Board of Examiners of Psychologists of Department of Health and Human Services v. Atterberry, 95-0391, p. 5 (La.App. 1st Cir.11/9/95); 664 So.2d 1216, 1220. When First Amendment rights are implicated, irreparable injury is presumed for purposes of determining the appropriateness of injunctive relief under 42 U.S.C. § 1983. See Donrey Media Group v. Ikeda, 959 F.Supp. 1280, 1287 (D.Hawai’i 1996). It is also incumbent on the party to show he is entitled to the relief sought and that he will likely prevail on the merits of the case. State, through Board of Examiners, 664 So.2d at 1220.
We are faced with the lack of any attempt to seek judicial relief under 42 U.S.C. § 1983 prior to the election. As the record reflects, the plaintiffs determined that a “public relations disaster” would have ensued had they attempted to enjoin the November 5, 1996 election. Ironically, the plaintiffs decided to gamble on the election to determine how many parishes would approve video poker and then seek judicial relief for the parishes voting to reject video poker after the election. Such an example of the failure to seek judicial relief prior to the election is precisely what the United States Fifth Circuit Court of Appeal rejected in the decision of Toney v. White, 488 F.2d 310, 314 (5th Cir.1973) (en banc) by stating:
We agree ... that the law imposes the duty on parties having grievances based on discriminatory practices to bring the grievances forward for pre-election adjudication. We also agree that the failure to require prompt pre-election action in such circumstances as a prerequisite to post-election relief may permit, if not encourage parties who could raise a claim to lay by and gamble upon receiving a favorable decision of the electorate and then, upon losing, seek to undo the ballot results in a court action. (Internal quotations omitted.)
The facts in the case before this court indicate there was a deliberate by-pass of pre-election relief.
|7We agree with the State’s interpretation and its cited authorities that it was incumbent upon plaintiffs to diligently seek pre-election judicial relief as a prerequisite to voiding an election due to constitutional violations, especially when they had the opportunity to seek relief. The plaintiffs now have no remedy available to them because of their failure to seek pre-election relief; therefore, the plaintiffs do not have a cause of action.
LSA-C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
Amendment of the petition is not permitted when it would constitute a vain and useless act. Doe v. Entergy Services, Inc., 608 So.2d 684, 687 (La.App. 4th Cir. 1992), writ denied, 613 So.2d 978 (La.1993), certiorari denied, 510 U.S. 816, 114 S.Ct. 66, 126 L.Ed.2d 35 (1993). Because there is no remedy available to the plaintiffs, amendment of their petition would be a vain and useless act. Therefore, because the grounds of the objection cannot be removed, we will not delay this matter for an attempt to amend the petition.[2]
*856 Accordingly, the judgment of the trial court denying the peremptory exception of no cause of action filed by the State is hereby reversed, the peremptory exception of no cause of action is granted, and this matter is dismissed at plaintiffs’ cost.
REVERSED AND RENDERED.

. The trial court's judgment specifies the following parishes: Allen, Ascension, Beauregard, Bienville, Caldwell, Catahoula, Claiborne, Concordia, East Baton Rouge, East Feliciana, Evangeline, Franklin, Iberia, Jackson, Lafayette, LaSalle, Lincoln, Livingston, Morehouse, Natchitoches, Ouachita, Rapides, Richland, Sabine, St. Tammany, Tangipahoa, Union, Vermillion, Vernon, and Winn. Pursuant to a joint stipulation, the parties agreed the judgment was to include all 33 parishes which rejected video poker.

. We note that in considering this very important case, this court, as well as counsel for all parties involved, unfortunately are operating under severe time constraints. Accordingly, in all aspects, our handling of this matter has been conducted as expeditiously as possible.