1 .DOWNING, Judge.
Mercan, Inc., hereafter “Mercan,” appellant herein, appeals an adverse judgment wherein the trial court dismissed its claim, ruling that the appellee, City of Baton Rouge and Parish of East Baton Rouge, through their Planning and Zoning Commission, hereafter “City/Parish,” did not act arbitrarily and capriciously in denying Mercan’s application for subdivision approval, thus denying Mercan damages. Finding Mercan failed to disclose a cause of action, we affirm the trial court’s judgment dismissing Mercan’s demands.
*723 FACTS AND PROCEDURAL HISTORY
Mercan owned a 6.5 acre tract of land immediately behind another subdivision it had previously developed known as High Point Subdivision, First Filing. Mercan developed plans for development of this 6.5 acre tract as a subdivision to be designated as High Point Subdivision, Fourth Filing which appeared to meet all the requirements for approval as a subdivision.
The Subdivision Review Committee had reviewed the proposed subdivision and had recommended approval. The mandated public hearing before the Planning and Zoning Commission was scheduled and held on February 15, 1993. Decision was deferred until March 5,1993, at which time the Planning and Zoning Commission denied the subdivision approval without comment.
During the interim period between the February 15, 1993 meeting and the March 5, 1993 meeting, the Baton Rouge Recreation and Parks Commission (BREC) proposed buying the property for a park. After the Planning and Zoning Commission denied subdivision approval, Mercan accepted BREC’s offer and sold the property to BREC on May 26, 1993 at a profit.
Mercan failed to appeal or otherwise seek review of the denial of its subdivision application despite its assertion that the Planning and Zoning Board acted arbitrarily and capriciously in denying his subdivision application. Rather, Mercan filed a Petition for Damages against the City of Baton Rouge on July 16, 1993, alleging damages amounting to the difference in price between the price it attained in the sale to BREC and what it could have received had it been allowed to fully develop the property.
Is An exception for No Cause or Right of Action was heard and denied by the trial court on April 24,1996.
The matter was tried in September 1997; judgment was rendered on May 24, 1999, with a written judgment signed on September 16, 1999. The trial court found that the Planning and Zoning Commission’s decision to deny the subdivision approval was not arbitrary or capricious in that it was based on the safety concerns raised by the citizens in an adjacent subdivision. The trial court found that the Planning and Zoning Commission has the discretion to rely on safety concerns raised by citizens. The trial court also noted that Mercan did not seek review at the time of the denial but sold the property “at a substantial profit while maintaining his claim for monetary damages for the total net profits the plaintiff failed to realize.”
Mercan’s appeal asserts one assignment of error alleging that the trial court erred in failing to find that the Planning and Zoning Commission arbitrarily and capriciously denied its right to develop real estate when it had met all of the statutory requirements, resulting in a taking of property without due process.
NO CAUSE OF ACTION
Louisiana Code of Civil Procedure art. 927B provides that either the trial court or the appellate court may notice the peremptory exception of failure to disclose a cause of action. In the present case, rather than seeking judicial review of the Planning and Zoning Commission’s alleged arbitrary denial of subdivision approval, Mercan sold the property at a profit to BREC. Mercan then filed suit alleging damages amounting to the difference in price between the price it attained in the sale to BREC and what it could have received had it been allowed to fully develop the property.
In Liberty Mutual Insurance Co. v. Louisiana Insurance Rating Commission, 97-1043, p. 9 (La.App. 1st Cir.6/29/98), 713 *724 So.2d 1250, 1254, writ denied, 98-2072 (La.11/6/98), 728 So.2d 396, this court concluded as follows:
[B]ecause [plaintiff] never appealed the LIRC’s (Louisiana Insurance Rating Commission’s) denials of requested rate increases, [plaintiff] took no action to present this issue for judicial review and therefore, the courts were not given the opportunity to modify or reverse the allegedly unreasonably low rates. Thus, even accepting the allegations of [plaintiffs petition as true, [plaintiff] has no cause of action available to it for damages allegedly arising from the rates set for these years.
| ¿See also Premier Games, Inc. v. State through Ieyoub, 99-1297 p. 7 (La.App. 1st Cir.6/7/99), 739 So.2d 852, 855, writ denied, 99-1679 (La.6/14/99), 745 So.2d 604, cert. denied, 528 U.S. 1062, 120 S.Ct. 617, 145 L.Ed.2d 512 (1999).
Here, we similarly conclude that before Mercan can make a claim for damages against the City/Parish, it must give the courts the opportunity to rectify the alleged arbitrary, capricious or abusive conduct. Mercan has not done so. Therefore, it now lacks a cause of action against the City/Parish.
Louisiana Code of Civil Procedure art. 934 provides that a plaintiff should be allowed to amend his petition where the grounds for the peremptory exception may be removed by amendment of the petition when a peremptory exception is sustained. Here, however, Mercan has sold the subject property and has no more interest in it. As we said in Premier Games, Inc. v. Ieyoub, 99-1297, at p. 7, 739 So.2d at 855:
Amendment of the petition is not permitted when it would constitute a vain and useless act. Because there is no remedy available to the plaintiffs, amendment of their petition would be a vain and useless act. Therefore, because the grounds of the objection cannot be removed, we will not delay this matter for an attempt to amend the petition. (Citations omitted).
Accordingly, we notice on our own motion Mercan’s failure to disclose a cause of action and dismiss this matter at Mercan’s cost.
CONCLUSION
For reasons stated, we affirm the judgment of the trial court dismissing Mercan’s petition against the City/Parish. All costs of this appeal are taxed to Mercan.
AFFIRMED.