# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

CHARLES BRANTON

VERSUS

PARISH OF ST. TAMMANY AND ST.
TAMMANY PARISH COUNCIL

CONSOLIDATED WITH

JOHN G. RAYMOND

VERSUS

PARISH OF ST. TAMMANY AND ST.
TAMMANY PARISH COUNCIL

NO. 2021 CW 1295

**NOVEMBER 18, 2021**

In Re:    John G. Raymond, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, Nos. 2021-12864 c/w 2021-12868.

BEFORE: **WHIPPLE, C.J., GUIDRY, WELCH, HOLDRIDGE, AND CHUTZ, JJ.**

**WRIT GRANTED.** The trial court's October 20, 2021 judgment sustaining the exception of prematurity and dismissing plaintiff's, John G. Raymond, claims seeking injunction is reversed. In the dilatory exception raising the objection of prematurity, the exceptor bears the initial burden of showing that an administrative remedy or procedure applies, by reason of which the lawsuit is premature. Once the existence of an administrative remedy is established, the burden then shifts to the plaintiff to show that the specific administrative remedy or procedure has been exhausted. **Dutrey v. Plaquemine Manor Nursing Home,** 2012-1295 (La. App. 1st Cir. 6/17/13), 205 So.3d 934, 941. We find that defendant, St. Tammany Parish, failed to carry its burden of proof. We further find that as Mr. Raymond's lawsuit is to enjoin the call of this election due to the alleged unconstitutionality of the process in which the election was called and the proposed referendum placed on the ballot rather than the prospective result of the election, Mr. Raymond may petition the court for an injunction prior to the election, the merits of which should be determined prior to the election. See **Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission,** 94-2015 (La. 11/30/94), 646 So.2d 885, 888 n.4; **Premier Games, Inc. v. State,** 99-1297 (La. App. 1st Cir. 6/7/99), 739 So.2d 852 (per curiam), writs denied, 99-1710, 99-1679 (La. 6/14/99), 745 So.2d 15, 604, cert. denied, 528 U.S. 1062, 120 S.Ct. 617, 145 L.Ed.2d 512 (1999).

**VGW**
**JMG**
**JEW**
**WRC**

**Holdridge, J.,** dissents and would deny the writ. If the vote for the proposition fails, the issue is moot.

Accordingly, the constitutionality of the election should not be tested until after the election. If the proposition passes, then plaintiff may seek injunctive relief to enjoin the enforcement of the proposition.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT